


14 CV 2519

Louis M. Freeman
Freeman Nooter & Ginsberg
75 Maiden Lane
New York, New York 10038
(212) 608-0808
fnglaw@aol.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
GENNADY POLONSKY,

                      Plaintiff,

      -against-

NEW YORK CITY
POLICE DEAPRTMENT (NYPD),
P.O. STEVEN FLEISCHHAUER and
SERGEANT KEITH HUM,
Individually and in
their official capacities,

                      Defendants.
---------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**
ECF CASE

      Plaintiff GENNADY POLONSKY, by his attorneys FREEMAN NOOTER & GINSBERG, as and for his complaint alleges as follows:

## JURISDICTION

      1.     This is a civil action, seeking compensatory damages, punitive damages, and attorney's fees.

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and Article 1, §§ 6, 11 and 12 of the New York State Constitution.

1

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1332 and 1343, and the aforementioned statutory and constitutional provisions.

4.  Plaintiff further invokes the pendent and supplemental jurisdiction of the Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## VENUE

5.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## JURY TRIAL DEMAND

6.  Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7.  Plaintiff GENNADY POLONSKY is and was, at all times material herein, a citizen of the United States and the State of New York.

8.  Defendant NYPD, is and was, at all times material herein, an institution organized and existing under the laws of the United States with its principal offices located in the City of New York. NYPD is not an agency or establishment of the United States Government.

9.  NYPD is authorized to employ police officers and sergeants.

10. At all times relevant hereto, defendant P.O. STEVEN FLEISCHHAUER, (hereinafter "FLEISCHHAUER"), was and is upon information and belief a citizen of the State of New York, employed as a police officer by defendant NYPD and, upon information and belief,

2

16. After completing a shift at his work on the morning of April 13, 2011, Mr. Polonsky went to the dentist and then to the Zabar's supermarket, and proceeded to take the subway toward his home in Brooklyn. While in the transfer tunnel heading to the Q train at Times Square, among a crowd of people, a man in civilian clothes approached him from behind on his left side, through the crowd, reached into his right-side pants pockets, removed a knife without cause or legal justification, and without identifying himself as a police officer, detained Mr. Polonsky.

17. This was a knife that Mr. Polonsky carried with him every day. He used it as a tool at his job.

18. He purchased the knife from a catalogue, which did not market or describe the knife as a gravity knife. The knife can be unfolded from its sheath or handle by using two tabs on the knife blade. On the date of his arrest he was wearing this knife clipped inside his right-side pants pocket.

19. Steve Fleischhauer, proceeded to have his sergeant come over and the sergeant told Officer Fleischhauer to arrest Mr. Polonsky. Without cause of legal justification he ordered the arrest of Polonsky; and without cause or legal justification Hum Fleischhauer arrested Polonsky.

20. After the arrest, Polonsky was handcuffed and taken to a precinct in the area of Columbus Circle where he was processed and put in custody for six and (6.5) hours. At the end of that time he was issued a summons for possession of a weapon.

21. Fleischhauer falsely stated under oath in court papers and testified under oath in a court proceeding that he knife possessed by Polonsky was a gravity knife. Hum falsely stated under oath in a court proceeding that the knife possessed by Polonsky was a gravity knife.

22.  Mr. Polonsky appeared in Court with counsel on May 16, 2011.

23.  The acts and conduct described above deprived Mr. Polonsky of his right:

   a)  not to be deprived of liberty without due process of law;

   b)  not to be subjected to excessive or unreasonable use of force;

   c)  to be free from unreasonable search and seizure of her person;

   d)  to be free from false arrest, imprisonment, and unjustified detention;

   e)  not to have false charges lodged against her by police officers;

   f)  to be free of abuse of process;

   g)  to be free from malicious prosecution; and

   h)  to speak and associate freely and to seek redress of grievances; all in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

24.  As a result of the acts and conduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, mental anguish and distress, emotional injuries, pain and suffering from the incident and its aftermath, embarrassment, humiliation (public and private), shame, indignity, and damages to reputation, and has incurred special damages, including but not limited to, legal fees and expenses.

25.  The acts and conduct of defendants complained of herein were intentional, wanton, willful and malicious, and in reckless disregard of plaintiff's constitutional rights, thus entitling him to punitive damages. Mr. Polonsky was searched three times, once in the train station, once upon entering in the precinct and once when put in a cell. Mr. Polonsky was treated abusively by the

officers, including accusing him of using foul language and being a member of Russia's special forces, neither of which is true.

## STATE LAW CLAIMS FOR RELIEF

26. The allegations of the preceding paragraphs are incorporated by reference herein.

27. The acts and conduct of the defendants complained of herein constitute false arrest and imprisonment, abuse of process, malicious prosecution, negligence, gross negligence, negligence in training, negligent hiring and retention of unfit police officers, negligent supervision, under the laws of the State of New York.

28. The acts and conduct of defendants complained of herein were intentional, wanton, willful and malicious, and in reckless disregard of plaintiff's rights, thus entitling him to punitive damages.

29. The acts and conduct of defendants violated plaintiff's rights under Article I, § 6, 11 and 12 of the New York State Constitution.

30. Defendant NYPD is liable for the actions of the individual defendants under the doctrine of respondeat superior.

31. WHEREFORE, plaintiff GENNADY POLONSKY demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (a) a judgment declaring the actions and conduct of defendants unconstitutional and unlawful;

    (b) full and fair compensatory damages in an amount to be determined by a jury;

    (c) punitive damages in an amount to be determined by a jury;

(d)   reasonable attorneys' fees and costs and disbursements of this action; and

(e)   other and further relief as appears just and proper.

Dated: New York, New York
       April 4, 2014

/s/ Louis M. Freeman
Louis M. Freeman + Janet Mace
Freeman Nooter & Ginsberg
75 Maiden Lane
New York, New York 10038
(212) 608-0808
fnglaw@aol.com
*Attorneys for Plaintiff*